EASTIN & WILSON *v.* BIERBOWEN & WILSON.

**Negligence in Collecting a Debt.**

> One who has taken every required step to collect a debt by bringing suit, taking judgment and issuing execution, cannot be regarded as negligent simply because he did not file the claim against an insolvent estate.

### APPEAL FROM BOURBON CIRCUIT COURT.

December 4, 1877.

OPINION BY JUDGE PRYOR:

It is shown by the testimony that the debtor, Mark, lived in the county of Bath when the action on the note was instituted, and within five or six miles from the county seat. The sheriff had nine days in which to execute the summons, which was ample time under the circumstances connected with this case. Neither the appellees nor their agent had any reason to believe that the debtor intended leaving the county to avoid the service of the summons, but on the contrary the proof shows that he was in bad health, and having gone to Mt. Sterling in the adjoining county, his disease became so aggravated as to prevent his return home for some time. All the actions instituted against the debtor were brought after the suit by the assignors, and they obtained judgment from the fact that other parties on the notes lived in Bath county, and by service on them in Bath they were enabled to have service on Mark in Montgomery county so as to obtain a judgment against him. Appellees could not obtain a judgment, because the debtor had not removed to Montgomery, and being the only party to the note in controversy a service in that county would not have authorized a judgment in Bath; nor would the assignees have obtained an attachment, as the facts show that the debtor was not avoiding the service of process.

The law and facts were submitted to the court, and we are not prepared to say that the judgment was against the evidence. Gudgell, an attorney for the assignees, in the action on the original note, says that before the adjournment of the court at which the judgment was rendered the principal clerk was taken sick, and he notified the deputy to issue the execution when it became due; that he left the court to attend to professional business in an adjoining county and again asked for the execution and required it to be issued. The clerk notified him the papers were lost, and he was unable to tax costs without them. They were afterwards found in an equity action.

The deputy's statement conflicts with that view of the case, yet the evidence was before that court and conduced to sustain the statement of the attorney. If his statement is to control, the excuse for delay was sufficient. He had done all he could well have done to get his execution in the sheriff's hands. These executions were returned no property found as against the administrator, by the sheriff of Bath county, where the administrator qualified and where the judgment was rendered. The execution sent to Montgomery is returned "no assets in the hands of the administrator to satisfy the same." This, although not strictly a return of no property found, is in aid of the return from Bath county, and shows that there was no estate out of which to make the debt. The administrator filed his bill to settle the estate. It was hopelessly insolvent. The land was all swallowed up by liens, and the personal estate failed to pay the expenses of the administrator. We think upon the whole case the appellees have shown all the diligence necessary to entitle them to a recovery, and that the presentation of this claim to the administrator or before the commissioner would have been a mere idle ceremony. There was nothing to be gained by it. The judgment below is affirmed.

*Huston & Mulligan*, for appellonts.

*Nesbitt & Gudgell, W. H. Holt, Cunningham & Turney*, for appellees.